CHARLES T. REDFIELD, as Administrator, etc., Respondent, *v.* LEWIS H. REDFIELD et al., Appellants, et al., Respondents.

A codicil will not operate as a revocation of previous testamentary provisions beyond the clear import of its language.

An expressed intention to make a change in a will in one particular negatives by implication an intention to alter it in any other respect.

One R., by his will, devised to his daughters M. and J., and his son L., certain real estate as joint tenants, and charged the premises and said devisees with, the payment of an annuity to his wife, from whom he was separated, in case she executed a proper release of her right of dower and interest in his real estate, etc. By a codicil the testator directed that said devise be changed by striking out the names of J. and L. therefrom so that it would be to M. alone, but left it "subject to the same provisions and conditions" contained in the will,' the same "to be kept and performed" by M. alone. An annuity was given to L. which M. was required to assume and pay. By a provision in a later codicil, the purpose of which the testator declared to be to alter said provisions of the will and first codicil, he devised said premises to M. and L. equally as tenants in common, and released M. from paying the annuity to L. No reference was made to the condition imposed by the will and former codicil as to the annuity to the wife, and no other provision was made for her. Upon the death of the testator his widow executed the release required as a condition of the annuity to her. In an action to enforce the payment of said annuity, *held,* that .under the last codicil the land was devised to M. and L. subject thereto; that the fact no reference was made in said codicil to the condition upon which the premises were devised in the will and the first codicil, did not show an intent to devise it free from the charge of the annuity, or to charge it upon the interest of M. alone; and that when L. accepted the devise he became personally liable to a share of the burden, and his interest in the land became charged therewith. ·

(Argued April 22, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made Februrary 3, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to have a certain annuity, under the will of Lewis H. Redfield, deceased, declared a lien upon certain real estate devised.

The facts, so far as material, are stated in the opinion.

*Louis Marshall* for appellants.    Under the will and its
codicils, the annuity created in favor of Anna Maria Redfield,
is not a charge upon the interest of Lewis H. Redfield in the
store devised, and if any charge was thereby created, it was
upon the interest of Margaret T. Smith alone.    (1 Pom. Eq.
Juris. § 561 ; 2 Williams on Ex. [7th ed.] 1331 ; *Montague*
v. *Montague,* 15 Beav. 565 ; *Cowper* v. *Mantell,* 22 id. 223 ;
*Drinkwater* v. *Falconer,* 2 Ves. Sr. 626 ; *Monck* v. *Monck,* 1
B. & B. 306 ; *Brooks* v. *Allen,* 2 Russ. & M. 270 ; *Powys*
v. *Mansfield,* 3 Myl. & Cr. 359 ; *Hopwood* v. *Hopwood,* 7
H. of L. 748 ; 1 Williams on Exrs. [7th ed.] 217 ; *Crosby* v.
*McDonal,* 4 Ves. 610 ; *Cartwright* v. *Shepheard,* 17 Beav.
301 ; *Pierpont* v. *Patrick,* 53 N. Y. 591 ; *Howland* v. *U.
T. Seminary,* 5 id. 224, 227 ; *Sloan* v. *Stevens,* 107 id. 122 ;
*Bannister* v. *Bull,* 16 S. C. 220 ; *Jackson* v. *Luquere,* 1 Cow.
221 ; *Young* v. *Hazzard,* 1 D. & W. 638 ; *Beckett* v. *Harden,*
4 M. & S. 1 ; *Hinchcliffe* v. *Hinchcliffe,* 2 D. & S. 96.)
Assuming that a charge was created upon the entire store, for
the payment of the annuity, yet the court having with the
acquiescence of Mrs. Smith found, and decreed, that as to her,
a personal liability for the payment of the annuity was created,
that liability must be first satisfied, out of her share of the
store, before resort can be had to the other share.    (*Leavitt* v.
*Wolcott,* 95 N. Y. 212 ; *Demarest* v. *Darg,* 32 id. 281 ; *Park-
hurst* v. *Berdell,* 110 id. 386 ; *Kelsey* v. *Western,* 2 id. 500 ;
3 Pom. Eq. Juris. § 1246 ; *Gridley* v. *Gridley,* 24 N. Y. 130 ;
*Brown* v. *Knapp,* 79 id. 136 ; *McLachlan* v. *McLachlan,* 9
Paige, 534 ; *Glen* v. *Fisher,* 6 Johns. Ch. 33 ; *Porter* v. *Jack-
son,* 95 Ind. 210 ; *Dodge* v. *Manning,* 11 Paige, 334 ; *Towner*
v. *Tooley,* 38 Barb. 598 ; *Elwood* v. *Diefendorf,* 5 id. 398 ;
*Russell* v. *Pistor,* 7 N. Y. 571 ; 1 Jones on Mort. § 741 ; *Calvo*
v. *Davies,* 73 N. Y. 211–215 ; *Marshall* v. *Davies,* 78 id. 414 ;
*Comstock* v. *Drohan,* 71 id. 9 ;  *A. D. Co.* v. *Leavitt,* 54 id. 35 ;
*Paine* v. *Jones,* 76 id. 274 ; *Thorp* v. *K. C. Co.,* 48 id. 253 ;
*Colgrove* v. *Tallman,* 67 id. 95 ; *Brill* v. *Wright,* 112 id. 129.)

*William G. Tracy* for respondents. A codicil is no revocation of a will except in the precise degree to which it is inconsistent with it, unless there are words of revocation. ( 1 Redf. on Wills, 362 ; 1 Jarman on Wills, 160 ; *Quincy* v. *Rogers,* 9 Cush. 291 ; *Colt* v. *Colt,* 32 Conn. 429 ; *Colt* v. *Hubbard,* 33 id. 286 ; *Wetmore* v. *Parker,* 52 N. Y. 451 ; *Brant* v. *Wilson,* 8 Cow. 56 ; Roberts on Wills, 265 ; Wigram on Wills, § 3 ; *Pierpont* v. *Patrick,* 53 N. Y. 591, 595 ; *Pickering* v. *Langdon,* 22 Me. 430; *Homer* v. *Shelton,* 2 Metc. 202 ; *Kane* v. *Astor,* 5 Sandf. 467 ; *Nelson* v. *McGiffert,* 3 Barb. Ch. 158.) The Statute of Limitations is not a bar to any part of plaintiff's claim. (Code Civ. Pro. § 402.) The widow is presumed to have elected to take the annuity. (2 R. S. 741, §§ 13, 14 ; *Chamberlain* v. *Chamberlain,* 43 N. Y. 441 ; *Akin* v. *Kellogg,* 119 id. 441.) The plaintiff was not obliged to prove that the annuity had not been paid to his intestate. (*Everett* v. *Lockwood,* 8 Hun, 356 ; *Andrews* v. *Moller,* 37 id. 480 ; *Edson* v. *Dillaye,* 8 How. Pr. 273.)

*W. S. Andrews* for respondent Margaret T. Smith. The annuity created in favor of Anna Maria Redfield is a charge upon the whole premises devised to Lewis H. Redfield, Jr., and Margaret T. Smith, and not solely upon the undivided half thereof devised to the latter. (Schouler on Wills, § 481 ; *Larkin* v. *Mann,* 53 Barb. 267 ; 1 Jarman on Wills, 177 ; *Young* v. *Hazzard,* 1 D. & W. 638 ; *Becket* v. *Harden,* 4 M. & S. 1 ; *Hinchcliffe* v. *Hinchcliffe,* 2 D. & S. 96.)

O'BRIEN, J. The will of Lewis H. Redfield, admitted to probate in the year 1882, devised to his two daughters Margaret T. Smith and Jane L. Redfield and his son Lewis H. Redfield, Jr., a block or store in Syracuse " to have and to hold the same as joint tenants, and if either shall die then the interest of the one so dying will go to the survivor or survivors, and the said premises and said legatees or their survivor or survivors are hereby charged with and this legacy and bequest is made subject to the payment to my wife, Mrs. Anna

Maria Redfield, of $150, quarter-yearly, from my death during her natural life, if she shall execute, acknowledge and deliver to my executors a proper release of her right of dower and interest in my real estate, and this provision for her is hereby declared to be in full discharge of such right of dower and also in discharge of my agreement to pay her $400 annually, and of all undertakings and obligations on my part for her benefit or support, and of all her interest in my property or estate." Many years prior to the date of this will, May 16, 1874, the testator and his wife, referred to in this provision, had separated. By a codicil dated April 25, 1877, the above provision of the will was changed by the use of these words : "Strike out and I revoke from the second and third lines in article third in said will these words: 'and Jane L. Redfield and to my son Lewis Hamilton, Jr.,' so that the legacy and bequest in said article will be to my said daughter Margaret and not to her and to said Jane L. and Lewis Hamilton, and yet subject to the same provisions and conditions as in said article contained to be kept and performed by said Margaret alone, instead of my three children as in said article contained. And my daughter Margaret is further required to, and she will assume and pay to or for the benefit of my son Lewis H. Redfield, the sum of $75 quarter-annually, from the proof of my will, and for the term of twelve years, or only till his death, if he shall die within that time." By another codicil, dated July 14, 1881, a further change was made as follows : " I further alter article third of my said will and article third of my codicil of 25th of April, 1877, by and I hereby will and devise to said Margaret T. Smith and Lewis H. Redfield, equally, and as tenants in common, the store and lot therein described   *   *   *   and the said Margaret is released from paying to said Lewis H. and his heirs the payments therein provided." After the death of the testator in 1882, Mrs. Smith and Lewis H. Redfield, the two children named in the last codicil, went into possession of the premises, as tenants in common, but never paid anything to the widow in fulfillment of the condition providing for an annuity or otherwise.

She died in 1888, and her administrator presented a claim for the annuity which was ignored. To enforce that claim this action was brought, resulting in a judgment for plaintiff, decreeing that the annuity to Mrs. Redfield, specified in the original will, was a charge upon the real estate, and that there was due thereon $3,834, with interest thereon from October 4, 1890, and a sale of the premises was ordered for the satisfaction of this claim, and Mrs. Smith was adjudged liable to pay any deficiency arising upon such sale. It appeared that in the year 1883, and after the will had been admitted to probate, that the widow executed and delivered, in compliance with the will, to the executors of her husband a release of her dower and of all interest in the real estate of which her husband died seized as performance on her part of the conditions on which the annuity mentioned in the will was payable to her. The question is one of construction involving the intention of the testator as to the obligation of the persons who took the store under the will, and the liability of the land itself for the payment of the annuity to the widow. Mrs. Smith, whose interest in the real estate is bound by the judgment and who has been adjudged liable to pay any deficiency has not appealed, but her brother Lewis H. and parties claiming under his title have. In their behalf it is urged, with much ingenuity, that as the testator, in framing the codicil last quoted, omitted all reference to the conditions upon which the store was devised in the original will, and in the earlier codicil he must be deemed to have devised it absolutely, free and clear from the charge of the annuity to his wife, or then, there being no liability in terms imposed by the last codicil upon Lewis H. Redfield, Mrs. Smith and her interest alone are charged. It is clear that the testator, by the third clause of his will, intended to devise the land to his three children jointly, subject to the payment of the annuity. He also used words appropriate to charge the devisees personally, but they would be so bound without them upon acceptance of the gift. (*Brown* v. *Knapp*, 79 N. Y. 136; *Gridley* v. *Gridley*, 24 id. 130; *Bushnell* v.

*Carpenter*, 28 Hun, 19 ; affd. 92 N. Y. 270 ; *Larkin* v. *Mann*, 53 Barb. 267.)

The same intention is carefully preserved and clearly expressed in the codicil of April 25, 1877. The daughter Jane L., and the son Lewis H., are dropped out as devisees of this specific real estate, and the daughter Margaret made the sole devisee, subject to the annuity which is retained, and subject to an additional charge of $300 per year in favor of Lewis H. from the time of proof of the will, and during twelve years, or for life, in case he died before the expiration of that period. If it was the intention of the testator, when executing the codicil of July 14, 1881, to devise the store to two of his children free from the lien and incumbrance of the annuity, there could be no reason for retaining the codicil of April 25, 1877. The final intent which the argument for the appellants attributes to the testator would render that codicil utterly useless and meaningless, and yet the language used indicates his intention to modify, but not to revoke it entirely. He says : " I further alter article third in my said will, and article first in my codicil of 25th April, 1877," etc., thus manifesting the intention, as it seems to us, to retain both of the provisions referred to for certain purposes. He was still separated from his wife. No new provision was made for her, and it is scarcely reasonable to suppose, under all the circumstances, that the provision in the will and earlier codicil, which was to furnish the consideration for a release of her dower, and was to be a substitute for his obligation to pay her $400 per year, was entirely abandoned. Such a radical change in the scheme of the testator would naturally be expressed in clear terms. He used no language, however, indicating an intent to change the provision for an annuity, or substitute anything else in its place, and it is a general rule that a codicil will not operate as a revocation of previous testamentary provisions beyond the clear import of its language. ( *Wetmore* v. *Parker*, 52 N. Y. 450 ; 1 Redf. on Wills, 362, and note ; 1 Jarman on Wills, 160, note 2 ; *Brant ex dem.* v. *Willson*, 8 Cow. 56.)

Margaret was released from the payment of $300 per year to her brother, and it is reasonable to conclude that if the testator intended to release her, or the land devised to her, from any other burdens imposed by previous provisions, such intention would have been as clearly expressed. This is in accordance with the rule that an expressed intention to make a change in a will in one particular negatives, by implication, an intention to alter it in any other respect. (*Wetmore* v. *Parker, supra; Quincy* v. *Rogers,* 9 Cush. 291.)

When the son Lewis H. accepted the devise to him and Margaret jointly, he became, as we have seen, personally liable for a share of the burden, and his interest in the land also became charged. As the value of the property is much more than the charge in favor of the plaintiff, and as Mrs. Smith does not complain in regard to the provision in the judgment for payment by her of any deficiency after the sale, it is plain that the judgment is as favorable to the son as the facts will warrant. We perceive no good reason for holding that his share of the land is relieved from the annuity in case the testator intended to retain it at all, and on that point the better construction of the language of the testator is that the land is devised, under the last codicil, to the two children named, subject to the annuity, as it was to the three in the third clause of the will.

The judgment should be affirmed, with costs.

All concur, except Ruger, Ch. J., and Andrews, J., not voting, and Gray, J., absent.

Judgment affirmed.