Michael R. Dinan, Appellant, *v.* William Coneys et al., Respondents.

Where in an action of ejectment plaintiff claimed title under a devise in a will by which a legacy was given to one of the defendants and made chargeable upon the real estate in question, *held*, that the legacy did not constitute a counterclaim; also, that plaintiff was not required to demur to the answer setting it up as a counterclaim in order to raise the question, nor did he, by replying, waive his right to take the objection. *Dinan* v. *Coneys* (67 Hun, 141), reversed.

(Argued October 26, 1894; decided November 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 13, 1893, which affirmed a judgment in favor of plaintiff, except as to the claim of the defendant Hannah Coneys, entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Garrett Z. Snider* for appellant.   Under the procedure prior to the Code, an equitable title could not be set up in defense to the legal title of the plaintiff.   (*Jackson* v. *Deyo*, 3 Johns. 422 ; *Jackson* v. *Van Slyck*, 8 id. 487.)   The answers did not contain counterclaims.   (Code Civ. Pro. §§ 500, 501, 503.)   Assuming the answers were not proper, plaintiff was not compelled to demur, nor by replying did he waive his right to object to them at any stage of the action.   (*Smith* v. *Hall*, 67 N. Y. 48 ; *People* v. *Dennison*, 84 id. 273.)

*A. & A. X. Fallon* for respondent.   The defendant Hannah Coneys was entitled to judgment for the amount given to her by the will, with interest on the same, as stated in the report of the referee, as it was a charge upon the real estate devised by the testator to the plaintiff.   (*Lupton* v. *Lupton*, 2 Johns. Ch. 614 ; *Meyer* v. *Eddy*, 47 Barb. 263 ; *Bevan* v. *Cooper*, 72 N. Y. 317–325 ; *Hoyt* v. *Hoyt*, 85 id. 142, 147 ; *McCorn* v. *McCorn*, 30 Hun, 171 ; *Waddell* v. *Darling*, 51 id. 327 ; Wait's Act. & Def. 531.)   The claim of the defendant Hannah Coneys, stated in her answer, arises out of the same clause of the will by which the plaintiff took title to the premises, which were devised to him upon condition that he paid her the amount of the bequest to her, and was, therefore, connected with the subject of the action.   No demurrer was interposed by the plaintiff to the defendant's answer, and no objection was made on the trial before the referee.   (Code Civ. Pro. § 501 ; *Fettrick* v. *Makay*, 47 N. Y. 426 ; *Carpenter* v. *M. Ins. Co.*, 93 id. 552.)   The plaintiff's claim, that the defendant Hannah Coneys was not entitled to the judgment

for the amount given to her in the will, is unfounded, because the court has a right to give her judgment for the amount confessedly due to her without putting her to separate action to recover the same. (*Dobson* v. *Pearce*, 12 N. Y. 156; *Crary* v. *Goodman*, 1Id. 266; *H. R. R. Co.* v. *L. I. R. R. Co.*, 48 Barb. 438; *Bogardus* v. *Parker*, 7 How. Pr. 303; *Dewey* v. *Hoag*, 8 Barb. 365; *Thompson* v..*Lander*, 118 N. Y. 252; *Litchult* v. *Tredwell*, 74 id. 603.)

ANDREWS, Ch. J. This action is ejectment. The plaintiff claimed title under a devise in the will of his father, Daniel Dinan, and in his complaint alleged the devise as the source of his title. The defendant Hannah Coneys is the wife of the defendant William Coneys and the sister of the plaintiff. In her answer she denied that she unlawfully withheld possession of the premises, and alleged that by the will of Daniel Dinan the land devised to the plaintiff was charged with the payment to her of a legacy of three hundred dollars, which had not been paid, and she demanded judgment in her favor against the plaintiff for the amount of the legacy, with interest. The plaintiff replied, and, after admitting that the devise was subject to the charge, averred that the defendant had remained in the possession of the premises after the death of the testator, and received the rents and profits under an agreement with the plaintiff that they should be applied in payment of the legacy, and that the rents and profits received by her had been more than sufficient to satisfy it. The referee to whom the action was referred decided that the plaintiff was entitled to judgment for the possession of the premises, and the defendant Hannah Coneys to a judgment in her favor against the plaintiff for the amount of the legacy, with interest. Judgment was entered in conformity to the report. The plaintiff appealed. The General Term affirmed the judgment with a modification to the effect that the premises be sold to satisfy the legacy. The plaintiff then appealed to this court from the judgment rendered by the General Term.

The question presented is whether the legacy constituted a

counterclaim under the Code. If it was not available as a counterclaim, the plaintiff did not by replying to the answer waive his right to take the objection on the trial, nor was he compelled to demur in order to raise the question. (*Smith* v. *Hall*, 67 N. Y. 48; *People* v. *Dennison*, 84 id. 273.) We think the legacy was not a counterclaim in the action, *first*, because it did not tend to diminish or defeat the plaintiff's recovery, and, *second*, because it was not a cause of action accruing out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, nor was it connected with the subject of the action. (Code, § 501.) The plaintiff by the acceptance of the devise became personally liable as upon contract, to pay the legacy (*Brown* v. *Knapp*, 79 N. Y. 136), and it was a charge also upon the land, which could be enforced in equity. But the fact that the plaintiff had become personally bound to pay the legacy did not make the legacy a counterclaim under the second subdivision of section 501, as that subdivision only applies where the action of the plaintiff is on contract also. The subject-matter of the plaintiff's action was the alleged right of possession of the land sought to be recovered. The subject-matter of the counterclaim was the right to recover against the plaintiff the amount of the legacy, and also (in view of the modification made by the General Term) the right to relief by sale of the land for its payment. The right of the plaintiff to possession of the land was in no way qualified by the fact that a legacy was charged thereon. The existence of the legacy gave the legatee no right of possession as against the plaintiff, whether the legacy was paid or not, and being in possession did not justify her in witholding possession from the plaintiff, the owner of the legal title. Nor did the existence of the legacy tend in any way to diminish or defeat the plaintiff's recovery. He took an incumbered title, but he had a right to the possession and the existence of the incumbrance in no way affected that right. The defendant Hannah Coneys was not in the situation of a mortgagee in possession. The mortgagee under the old law had a defeasible estate

in the land mortgaged, and being in possession could defend his possession under the mortgage; and the change made by our law, which makes the mortgage a security merely, has not abrogated the mortgagee's right when in possession of the pledge, to retain it after default, until the debt for which the mortgage is held shall be satisfied. This rule is justified by the presumed intention of the parties and the nature of the transaction. But a legatee, whose legacy is charged on land, holds no relation thereto corresponding with that of a mortgagee in possession. He has it is true a lien. So has a judgment creditor. But it could not be claimed that the latter could before sale lawfully take possession of the lands of the judgment debtor under the judgment, or defend an ejectment brought by him to recover it. One of the definitions of a counterclaim in the 2nd subdivision of section 501 is " a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim." The transaction set forth in the complaint as the foundation of the plaintiff's claim is title acquired under the devise in the will of Daniel Dinan and the withholding of possession by the defendants. Upon that title he founds his right to the possession of the land. The legacy given to Hannah Coneys is given by the same will, and is thereby charged on the land devised to the plaintiff. But the right of the plaintiff to the possession of the land, and of the defendant to the legacy are wholly distinct and independent claims. The giving of the legacy, as has been said, did not qualify the devise so as to affect the right of possession. The claim of the legatee does not arise out of the transaction upon which the plaintiff relies, although both claims had a common origin and were coincident in the time of their creation. Moreover, under both subdivisions of section 501, the counterclaim presented must " tend in some way to diminish or defeat the plaintiff's recovery." The right of the plaintiff to recover the possession of the land is neither diminished nor defeated by the existence of the legacy. He is entitled to possession,

notwithstanding the legacy, and this the judgment awards him.

We think the original judgment against the plaintiff was not sanctioned by the law of counterclaim, and that the modification by the General Term, which turns the defense into an action in equity to enforce the charge, was a still further departure from the statute. While the statute of counterclaim ought to be liberally construed in the interest of peace and to suppress unnecessary litigation, it does not, we think, justify the application made in this case.

The judgments of the courts below should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgments reversed.