(19 Misc. Rep. 153.)

### MICHAELIS v. WILSHUSEN.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

1. EVIDENCE—BANK-DEPOSIT SLIPS—WHEN ADMISSIBLE.
    Bank-deposit slips are admissible in evidence to contradict a party's claims as to deposits made at certain times.
2. APPEAL AND ERROR—ASSIGNING ERROR IN RULINGS ON EVIDENCE.
    A party cannot assign as error the admission in evidence of copies of accessible papers, where the fact that they were copies, and not originals, was not discovered until after they were admitted, and he did not move to strike them out.

43 N.Y.S.—18

Appeal from Fourth district court.

Action by Edward Michaelis against John Wilshusen to recover money loaned. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

L. W. Harburger, for appellant.

S. Hoffman, for respondent.

McADAM, J. The action was to recover $150, balance due for money loaned. The plaintiff testified that in November, 1895, he loaned the defendant $425 in cash and $25 by check, making $450; that at the time of the loan the defendant gave him in return his check on the Germania Bank for $450, which the plaintiff deposited in the Union Square Bank, to which it was thereafter returned, marked "N. G."; that the plaintiff, on being notified by his bank of the nonpayment thereupon, drew his check on the Union Square Bank, payable to its order, for $450, and received from it the defendant's dishonored check. The plaintiff's check for the $450 was paid the Union Square Bank, and returned to him on balancing his account. It was put in evidence at the trial, and is annexed to the justice's return. The defendant denied that the plaintiff had loaned him any money, and testified that the plaintiff's son came to him, saying his father was short, and wanted to borrow the defendant's check for $450; that the defendant said he did not have money enough in his bank to meet a $450 check, but he nevertheless gave the check to the plaintiff's son; that the son said his father would deposit $300 in the defendant's bank to make that check good, and that the $300 was accordingly deposited. The plaintiff denied borrowing any check from the defendant, or that he had ever promised to or did deposit $300 in the defendant's bank to meet it; and the justice, evidently doubting the correctness of the defendant's story, adjourned the trial, directing the defendant to produce his bank book, and the plaintiff to procure the bank-deposit slips, so that he might get at the truth. Upon the adjourned day the defendant produced his bank book, but in it no credit was found for the $300. The deposit slips were produced, and no slip was found for the $300. The bank ledger was also produced, and no credit for $300 found therein. The defendant afterwards corrected his evidence by saying that the plaintiff was to deposit $450 in his bank, instead of $300; but he was equally unfortunate in selecting this amount, for the bank books and slips showed no such credit, and the fact alleged was contradicted by the plaintiff, and by all the circumstances developed at the trial. The plaintiff, in corroboration of his story, produced the $25 check which he claimed formed part of the loan to the defendant. It was received in evidence, and is annexed to the return. It bears date November 2, 1895, is drawn on the Union Square Bank payable to the order of "Cash"; indorsed by the defendant, and was deposited in his bank to his credit. This check not only corroborated the plaintiff, but contradicted the defendant as to this item of the loan. The deposit slip of November 6, 1895, when offered in evidence, showed a deposit by the defendant on that day of $400

in cash, and the defendant's bank book showed a credit on that day of that amount. So that, so far as the documentary evidence is concerned, the plaintiff is corroborated, and the defendant discredited. The plaintiff also testified that when the defendant paid the $300 on account he insisted upon having the "N. G." check of $450 returned, saying he would pay the balance in a few days. George W. Hauser, the plaintiff's bookkeeper, corroborated the plaintiff in regard to what occurred at the time the $300 was paid, testifying that the $450 "N. G." check was then given up on the defendant's promise to pay the balance in a few days. The defendant denied the truth of these statements, but the justice, on the conflicting evidence, found, as he lawfully might, that the plaintiff's version of the transaction was correct, and awarded him a judgment. We find no reason to doubt the correctness of his conclusions.

The only exceptions that require notice are those in regard to the deposit slips. Mr. Schmidt, the assistant bookkeeper of the Germania Bank, where the defendant kept his account, testified that he knew the defendant as a depositor of his bank, and that the deposit slips were made out by the witness. They were inferentially originals, and were thereupon offered in evidence by the plaintiff. The defendant objected to their admission as incompetent, immaterial, and irrelevant. This objection was overruled, and the defendant excepted. No suggestion in any form was made that the slips offered were mere copies, and an objection to the admission of a paper in evidence on the ground that it is "incompetent and immaterial" does not raise the question that the paper was improperly admitted because a copy, and not the original. Atkins v. Elwell, 45 N. Y. 753. The slips were not incompetent, immaterial, or irrelevant; they were competent and material to contradict the facts alleged in defense by the defendant, and in respect to which he had testified. Subsequently, on cross-examination, the bookkeeper for the first time testified that the slips in evidence were not the originals, but were copied by him from the originals; whereupon the defendant's counsel again objected to the introduction of the slips upon the ground that they were not the best evidence. But the slips were already in, and the appropriate remedy was to get them out. Proper procedure required a motion by the defendant to strike out the slips. This application he did not make, and he is, therefore, not in a position to charge error. The court of appeals laid down this rule in Vinegar Co. v. Schlegel, 143 N. Y. 544, 38 N. E. 731:

"When evidence tending to prove a material fact in issue is received under objection, and which requires proof of other facts to make it complete, which have not been supplied, its presence in the record is no ground for reversal, in the absence of a motion subsequently to strike it out. The failure of the plaintiff to supplement the documentary evidence with proof * * * should have been raised by such a motion, as the ruling admitting the papers was correct when made."

The ruling admitting the slips was correct when made, and, no motion having been made to strike the evidence out when its secondary character appeared, the defendant has no legal ground for assigning error.

The judgment must be affirmed, with costs. All concur.