GLATNER v. GLATNER.

(Supreme Court, Appellate Division, First Department. February 23, 1912.)

1. WILLS (§ 823*)—CHARGE ON DEVISE—LIABILITY OF DEVISEE.

Where a testator devised property to his wife subject unequivocally to her giving a home to his daughter, the acceptance of the devise created a personal liability on the part of the devisee to furnish or secure such a home, irrespective of the amount of income procured from the estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2116; Dec. Dig. § 823.*]

2. APPEAL AND ERROR (§ 184*)—GROUNDS—THEORY OF CAUSE BELOW.

Though an action to subject a devise to a charge for the providing of a home for the daughter of the testator was brought in equity, where the defendant did not persist in her denial of plaintiff's allegation that she had no adequate remedy at law by motion to dismiss or an application for trial by jury, and the cause was tried as though it were properly brought, the question cannot be raised on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1179–1183; Dec. Dig. § 184.*]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Rachel Glatner against Caroline Glatner. From a judgment for plaintiff, defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

George P. Breckenridge, for appellant.
Charles Putzel (Eliphalet W. Tyler, on the brief), for respondent.

SCOTT, J. [1] In my opinion the defendant by accepting the devise of the real estate became absolutely bound, while said real estate remained in her possession, to give a home to plaintiff, so long as said plaintiff desires to remain at home, and this, irrespective of the question what income was derived from the real estate. The provisions of the will respecting the plaintiff and the son Harry are very different. Respecting plaintiff, the obligation imposed is absolute and unqualified. The devise to defendant is made "subject to my said wife giving a home to my said daughter Rachel, so long as my said daughter desires to remain at home." As to the son Harry, the similar objection is qualified in two ways. To him the defendant is to provide a home "as best she may," and only "if he needs it." No such qualification is attached to the condition in favor of plaintiff. I therefore think that all the evidence as to the income realized from the property was immaterial. As I regard it, the acceptance of the devise created a personal liability on the part of defendant either to furnish plaintiff a home, or, failing that, to pay the reasonable cost to plaintiff of providing a house for herself by way of damages for the breach of the condition.

[2] In this aspect of the case the plaintiff's remedy was an action at law, or perhaps successive actions, for damages, and I should concur with the Presiding Justice that this action in equity could not be maintained, if defendant had persisted in her objections to such an action. She did not, however, persist. It is true that by her answer she denied plaintiff's allegation that she had no adequate remedy at law, but no point was made of this on the trial, no motion made to dismiss the complaint, and no application made for a trial by jury. On the contrary, both parties tried the case as if it was properly brought, and even upon this appeal the defendant makes no question as to the form of the action or as to equity's cognizance thereof. Under these circumstances, the parties must be held to have consented to try the case as one in equity, and I see no reason why we should reverse the judgment because it should have been brought on the law side of the court.

The judgment should therefore be affirmed, with costs.

CLARKE and MILLER, JJ., concur.

INGRAHAM, P. J. (dissenting). The language of this will disposing of the testator's residuary estate is somewhat peculiar. There is a devise of a life estate of this real property, and also a bequest of all the residuary personal estate for the life of his wife. She is to have this real and personal estate "to have and to hold during the

term of her natural life," and to have the entire income therefrom; and then follows the clause:

"Subject however to my said wife giving a home to my daughter Rachel, so long as my said daughter desires to remain at home."

The situation that existed was that the principal property in which the wife had a life estate was a tenement house in which he and his wife and daughter had resided. Undoubtedly the testator contemplated that his wife would continue to reside in the apartment that had been before occupied, and that it was at this apartment at which the daughter was to be given a home; and this is emphasized by the subsequent clause which provided that, if his wife should remarry or go abroad to live, the property should be divided between his children. It would seem that if from any cause the wife was unable to maintain this home, if the income was not sufficient to pay the interest on the incumbrances of the property, or there was no money of the estate from which to maintain the said home in which the daughter was to share, it would seem reasonable that the wife was to be relieved from this obligation. She was to give a home to his daughter Rachel, and was to provide a home as best she could for the testator's son Harry if he needed it. I therefore concur with Mr. Justice LAUGHLIN that the obligation to furnish a home, either for Rachel or Harry, depended upon the defendant being able to maintain a home at which the daughter or son could live. This, however, was merely a charge upon the estate devised. There was no trust, and the effect of an acceptance of the estate subject to the charge was to impose a legal obligation upon the defendant to furnish the plaintiff with a home. If the defendant refused to furnish such a home and the circumstances imposed such an obligation upon her, then I think the only remedy that the plaintiff had was an action at law to recover the amount which it would cost her to furnish herself with such a home as was contemplated by the testator. Equity had no jurisdiction to interfere.

I think, therefore, that this judgment in the form in which it was presented was erroneous.

LAUGHLIN, J. (dissenting). The action is based on a provision of the will of Samuel Glatner, who was plaintiff's father, and died January 6, 1910. It was duly admitted to probate in the county of New York on the 1st day of February, 1910. The testator, after providing for the payment of his debts and funeral expenses, gave a legacy of $500 to his sister-in-law and to her children if she should not be living. He then gave a legacy of $1,000 to the plaintiff; and in connection therewith he stated in his will as follows: "As she is not married and is dependent on me, I desire to make separate provision for her." He then gave a legacy of $500 to his son Harry, and stated in the will that he desired to provide separately for this son on account of poor health. He then devised to two other daughters real estate in Nebraska in trust for his grandchildren therein named until one of them attains the age of 21 years, when the title was to vest in possession in the grandchildren. The testator's household

furnishings and furniture, and personal effects were then given to his wife. The seventh clause of the will came next and is as follows:

"All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and kind and wheresoever situate, including moneys in bank and mortgages, I give, devise and bequeath to my beloved wife Caroline, to have and to hold during the term of her natural life, and to have the entire income therefrom, subject however to my said wife giving a home to my daughter Rachel, so long as my said daughter desires to remain at home, and also to provide a home as best she can for my son Harry, if he needs it. If my said wife should remarry or go abroad to live, then and in that event the said estate shall be divided between her and my children, one-third part thereof to go to my said wife absolutely, and two-thirds parts thereof to be divided equally among my children Harry, Ida, Carrie C., Flora, Rachel, Jennie and Nathan, share and share alike, the child or children of any deceased child to take its or their parent's share."

The testator then devised and bequeathed the reversion or remainder of his residuary estate from and after the death of his wife to his children share and share alike, with the provision that the children of any deceased child should take their parent's share. The defendant is the widow of the testator and the stepmother of the plaintiff. At the time of the testator's death the plaintiff resided with her father and stepmother in an apartment at No. 162 West 144th street, and she was furnished a home there by the defendant until December 1, 1910, when the defendant abandoned the apartment on the ground that she could not afford to maintain it, and rented a single room for herself, having previously notified the plaintiff that she would be unable longer to provide a home for her. The evidence is conflicting as to whether plaintiff insisted that she was entitled to a home with defendant or left voluntarily. The only property received by the defendant under the devise in the seventh clause of the will was the fee of premises known as Nos. 436–438 East Houston street, borough of Manhattan, New York. The defendant took possession of those premises, and collected the rents thereof.

On this evidence the court found that defendant accepted the devise of the real estate on the conditions imposed, and became obligated thereby to provide a home for the plaintiff until such time as the defendant should remarry or go abroad to live, and that, having failed and refused to provide a home for the plaintiff, she became obligated to pay the plaintiff the expense of furnishing a home for herself, which the court found to be $8 per week, and gave judgment in favor of the plaintiff for the amount due on that theory, and further adjudged that defendant pay the plaintiff the sum of $8 per week thereafter in monthly installments until the death of the plaintiff, or until the defendant should remarry or go abroad to live. Proof was made with respect to the rentals received by the defendant from the premises tending to show the net amount; but it was quite indefinite and no finding was made thereon by the court, and the judgment was not granted on the theory that the net rentals were sufficient to enable defendant to provide a home for plaintiff.

I am of opinion that the construction placed upon the will by the trial court is erroneous, and that the defendant only became obligated

to furnish a home for the plaintiff from the income derived from the property which she received under that clause of the will. It was undoubtedly the duty of the defendant on accepting the devise first to provide from the income thereof a home for the plaintiff. The defendant was to have for her own use and enjoyment the remainder of the income subject to the further obligation to provide a home, if the income would permit of her so doing, for the testator's son Harry, should he need it. This tends to show that the testator realized that the income might be insufficient to provide a suitable home for all of them, and, so far as he imposed upon his wife a condition to provide a home for his daughter and son, it was to be from the income of the property which she received under that bequest and devise. It is difficult to discern any theory upon which a court of equity can enforce a compliance with the defendant's obligation, and I am of opinion that the plaintiff's only remedy is an action at law from time to time on proof that there is, or should be by proper management, net income from the property with which the defendant could perform her obligation.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., concurs.