### COMMISSIONER OF INTERNAL REVENUE v. SMILEY (two cases).
### Nos. 111, 112.

Circuit Court of Appeals, Second Circuit.
Nov. 30, 1936.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., for petitioner.

Charles De La Vergne, of Kingston, N. Y., for respondents.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The taxpayers, as residuary devisees under the will of their father, took a parcel of real estate comprising the land and buildings of a hotel situated in the state of New York which was called his Lake Mohonk property and which will be so designated herein. The two formed a partnership that operated the hotel from February 15 to December 31, 1930, at a profit. The partnership had net income distributable to each partner in that year in excess of the deductions which are in controversy.

The father's will provided for the payment of an annuity to his widow of $6,000 in four equal quarterly installments and of one to her sister of $1,500, payable in twelve equal monthly installments. The will made them a charge upon his Lake Mohonk property. During the taxable period in issue the annuities were paid by the partnership to the amount of $6,500 and that amount was deducted in the partnership return. The Commissioner, holding it not deductible, increased the distributable share of each partner by adding one-half of the amount and so determined the deficiencies which a majority of the Board did not sustain. In so doing we think the Commissioner was right for the following reasons.

When the taxpayers took the hotel property charged by the terms of the will of their father with the legacies, they became personally liable to the annuitants for the payments provided in the will. Brown v. Knapp, 79 N.Y. 136; Dinan v. Coneys, 143 N.Y. 544, 38 N.E. 715; Redfield v. Redfield, 126 N.Y. 466, 27 N.E. 1032; Tillman v. Ogren, 227 N.Y. 495, 125 N.E. 821. This personal liability arose regardless of any income derived from the property. Glatner v. Glatner, 149 App. Div. 89, 133 N.Y.S. 872.

The annuitants had security for the payments to be made to them since the charge created a lien upon the hotel property in their favor, Dinan v. Coneys, supra, but that gave them only the right to foreclose upon default. Until then they had neither the right to possession nor the right to collect rents and profits.

Consequently the income from the hotel property was all unrestricted partnership income. As each partner was taxable upon his distributable share of it, the deficiencies were correctly determined by the Commissioner, provided the partnership net income was properly computed with no deduction for the annuity payments as ordinary and necessary expenses of the business. There could be no such deduction, since these payments had no relation to the operation of the hotel as a business and so were not necessary expenses; nor were they ordinary expenses in the business of operating hotels. See Welch v. Helvering, 290 U.S. 111, 54 S. Ct. 8, 78 L.Ed. 212. They were instead payments made by the partnership in discharge of the personal obligations of the partners.

Decision reversed.