Herman A. Harper and Helen S. Harper v. Commissioner.
Harper v. Commissioner
Docket No. 6557.
United States Tax Court
1945 Tax Ct. Memo LEXIS 11; 4 T.C.M. (CCH) 1097; T.C.M. (RIA) 45370; December 17, 1945
Alex A. Garroway, Esq., 1100 Peoples Bank Bldg., Pittsburgh 22, Pa., for the petitioners. Homer F. Benson, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding involves a deficiency of $619.35 in petitioners' income tax for 1941. Petitioners allege in their original petition that the respondent erred "in failing to allow credit to be taken as a business expense" of $1,200, representing rental for that year on certain real estate which petitioner Herman A. Harper acquired under his *12 father's will, charged with an annuity of $100 per month payable to his wife, petitioner's stepmother, Mary H. Harper, for life. Petitioners further allege in an amended petition that the respondent erred in not allowing "credit against his gross net income" of certain items of taxes and incidental maintenance expenses on a portion of the property which was used for residential purposes by Mary H. Harper. [The Facts] Petitioner Helen S. Harper is the wife of petitioner Herman A. Harper. She is a party to this proceeding only by reason of the fact that she and petitioner Herman A. Harper filed a joint return for the taxable year involved. The term petitioner as hereinafter used will refer to the husband, Herman A. Harper. Petitioner is a resident of Coraopolis, Pennsylvania. He filed his income tax return for 1941 with the collector of internal revenue for the twenty-third district of Pennsylvania, at Pittsburgh. Petitioner's father, J. Frank Harper, died October 13, 1940, leaving a will in which he bequeathed the residue of his estate to petitioner. Such residue included certain business properties which had been used in a business operated by petitioner and his father of *13 retailing building supplies and solid fuels, and also a one-half interest in the residence which the decedent and his wife were occupying at the time of decedent's death. Petitioner had acquired the other one-half interest from his deceased mother. Under the decedent's will Mary H. Harper was given the right to occupy the residence free of taxes and carrying charges during her lifetime. All of the real estate passing under the residuary clause of the decedent's will was charged with the payment of the annuity to Mary H. Harper. The pertinent provisions of the will read as follows: "FOURTH: I give and bequeath unto my wife, Mary H. Harper, an annuity of One hundred ($100.00) Dollars per month, payable monthly so long as she lives and remains unmarried. In addition to said monthly payment to my wife, I direct that so long as she lives and remains unmarried, she shall have the full use and occupancy of residence at No. 1302 Vance Avenue in the Borough of Coraopolis where we now reside, and in whichm8y son is already the owner of an interest therein, together with free use of garage at said residence for her automobile or automobiles, free of taxes, fire insurance, maintenance and upkeep. *14 Said monthly annuity to my wife and the costs of taxes, fire insurance, maintenance and upkeep of said premises at 1302 Vance Avenue, Coraopolis, Pennsylvania, for the use and benefit of my wife shall not be paid from, charged against, or provided for from my personal property and estate, but shall be paid and charged against my interest in said premises at 1302 Vance Avenue, and the real estate used in connection with my business, known as Lots Nos. 5, 6, 7 and 8 in the Orchard Park Plan, Hazel Street; and Lots Nos. 55, 56 and 57 in the T. F. Watson, Sr. Plan of Lots, Fourth Avenue; all in the Borough of Coraopolis, Pennsylvania, hereinafter devised to my son, Herman A. Harper, as a part of my residuary estate. "FIFTH: I give, devise and bequeath to my son, Herman A. Harper, and his heirs absolutely and forever, my entire residuary estate, subject only to the charge for the use and benefit of my wife, Mary H. Harper, so long as she shall live and remain unmarried, upon the particular real estate (not machinery and equipment) referred to in paragraph Fourth hereof." After his father's death petitioner continued to operate the business as his own and to use the business properties *15 referred to in the will. His stepmother occupied the residence throughout 1941. Petitioner paid taxes on the residential property in 1941 of $439.69 and also $168paid for painting and $205.73 for other necessary maintenance of the property. He received rent during the year of $254 from a garage apartment located on the premises. Also in 1941 petitioner made the annuity payments of $100 per month to Mary H. Harper as provided in his father's will. There is no basis in the law for petitioner's claim to a deduction or "credit" of the annuity payments to his stepmother as rent. Those payments, as well as the incidental expenses of maintaining the residential property which his stepmother occupied, were simply a charge upon all of the real estate which petitioner acquired under his father's will. Petitioner was not obligated to pay any rent for the use of the business properties and in fact he did not pay any. As to the annuity payments the facts are not distinguishable in any material respect from those in Commissioner v. Smiley (C.C.A., 2nd Cir.), 86 Fed. (2d) 658. In that case the taxpayers, two brothers, acquired a valuable hotel property under the will of their father, *16 charged with the payment of annuities of $6,000 to their mother and $1,500 to her sister. They operated the property as a partnership after their father's death and claimed a deduction in their partnership return of the annuities paid during the taxable year. The court held that the annuity payments were not deductible under the statute, saying: When the taxpayers took the hotel property charged by the terms of the will of their father with the legacies, they became personally liable to the annuitants for the payments provided in the will. Brown v. Knapp, 79 N.Y. 136; Dinan v. Coneys, 143 N.Y. 544, 38 N.E. 715; Redfield v. Redfield, 126 N.Y. 466, 27 N.E. 1032; Tillman v. Ogren, 227 N.Y. 495, 125 N.E. 821. This personal liability arose regardless of any income derived from the property. Glatner v. Glatner, 149 App. Div. 89, 133 N.Y.S. 872. The annuitants had security for the payments to be made to them since the charge created a lien upon the hotel property in their favor, Dinan v. Coneys, supra, but that gave them only the right to foreclose upon default. Until then they had neither the right to possession *17 nor the right to collect rents and profits. Consequently the income from the hotel property was all unrestricted partnership income. As each partner was taxable upon his distributable share of it, the deficiencies were correctly determined by the Commissioner, provided the partnership net income was properly computed with no deduction for the annuity payments as ordinary and necessary expenses of the business. There could be no such deduction, since these payments had no relation to the operation of the hotel as a business and so were not necessary expenses; nor were they ordinary expenses in the business of operating hotels. See Welch v. Helvering, 290 U.S. 111, 54 S. Ct. 8, 78 L. Ed. 212. They were instead payments made by the partnership in discharge of the personal obligations of the partners. Here, as in the Smiley case, petitioner took the real estate devised to him under his father's will subject to the annuity payments. These payments became his personal obligation. They were not in any way connected with his business and were not expenses of the business. He would have been required to pay them whether there was income from the business or not. The respondent *18 did not err in disallowing petitioner any deduction or "credit" on account of the annuity payments. The same reasoning applies to the incidental expenses of maintaining the residential property. They were not "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," section 23(a)(1)(A), Internal Revenue Code, nor were they expenses paid or incurred "for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income," section 23(a)(2), Internal Revenue Code. The petitioner did receive rent of $254 in the taxable year from a small apartment located over the garage but there is no evidence as to what portion, if any, of the maintenance costs were attributable to the upkeep of the apartment. The taxes which petitioner paid on the residential property in the taxable year amounting to $439.69 stand in a different category. They were a charge upon the property and were a personal obligation of the petitioner just as were the annuity payments and the incidental expenses, but the statute specifically provides in section *19 23(c) for the deduction of all taxes paid within the taxable year, with certain exceptions not here material. Petitioner was the lawful owner of the property and the taxes which he paid thereon were his own taxes. He would have been required to pay them in any event. We think that they are deductible under the statute. Decision will be entered under Rule 50.