AMANDA TILLMAN, Individually and as Administratrix with the Will Annexed of the Estate of ANNA C. ERICKSON, Deceased, Appellant, *v.* CHARLES A. OGREN, as Executor of LARS ERICKSON, Deceased, Respondent.

**Will — testamentary gift — absolute gift followed by repugnant gift to another — when such absolute gift not modified or qualified by subsequent provision.**

1. A gift to one followed by a gift to another of such part thereof as may remain at the decease of the first taker, can be enforced when the intention of the giver is clear and definite to limit the gift to the first taker to a life estate with power to dispose of the principal or any part thereof during his lifetime and to give to another such part of the principal as is not disposed of in the lifetime of the first taker. The gift over after a gift that is apparently absolute is sustained because it is ascertained that it was not the giver's intention to make an absolute gift, but one qualified and limited by the subsequent or other provisions of the will or instrument creating the gifts. The common-law rule governing repugnant gifts has been changed by statute (Real Property Law [Cons. Laws, ch. 50], § 57; Personal Property Law [Cons. Laws, ch. 41], § 11).

2. Where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show equally clear intention to do so by use of words definite in the meaning

and by expressions which must be regarded as imperative, and where a wife gave all of her residuary estate to her husband, his heirs and assigns forever, " with the understanding " that at his decease all of the estate which he should derive under her will and then undisposed of should be given and turned over to the sister of testatrix, such provision constituted a clear, certain, unqualified and absolute gift to the husband; the statement that such gift was given " with the understanding " that the husband should give any part of the residuary estate not disposed of by him to testatrix' sister does not import a contract already made or arising from an acceptance by her husband of the bequest and devise. The gift to the husband was absolute and there was no gift to the sister.

Tillman v. Ogren, 182 App. Div. 672, affirmed.

(Argued November 21, 1919; decided January 6, 1920.)

APPEAL from a judgment, entered October 11, 1918, upon an order of the Appellate Division of the Supreme Court in the first judicial department, affirming a judgment entered upon a decision of the court on trial at Special Term in so far as the same was appealed from by the plaintiff and reversing said judgment in so far as the same was appealed from by the defendant and directing a dismissal of the complaint.

In 1903 Lars Erickson and his wife, Anna C. Erickson, lived in Brooklyn. Mrs. Erickson owned a building at 522 Classon avenue in a part of which she lived with her husband. On January 17, 1903, she made her will and on March 27, 1903, she died. By her will she made her husband executor and gave her sister Amanda Tillman, $1,000. She then provided:

"*Fourth.* I give and bequeath to my beloved husband Lars Erickson all of the rest and remainder of my estate both real and personal to have and to hold the same to him, his heirs and assigns forever, with the understanding that at the decease of the said Lars Erickson all of the estate which he shall derive under this will which shall then remain by him undisposed of he shall give and turn over to my sister Amanda Tillman."

Her will was duly probated and letters testamentary

were issued to Lars Erickson. The decision in this case contains findings of fact, among which are the following:

" 3. That the entire estate, both real and personal, of which said Anna C. Erickson died seized or possessed, consisted of the following:

" Real Estate: Number 522 Classon Avenue, Borough of Brooklyn, City of New York.

" Personal estate: Amount on deposit in Kings County Trust Company, $4,500.

" 5. That under said decree (in proceeding on petition of Lars Erickson) the Surrogate's Court of Kings County in judicially settling and allowing the account of said Lars Erickson as executor of the estate of Anna C. Erickson, directed to be turned over to him, Lars Erickson, the sum of Three thousand one hundred and fifty-five and 19/100 ($3,155.19) dollars balance of personal property remaining in the hands of said Lars Erickson as such executor * * *."

" 6. Said Lars Erickson thereupon transferred to himself said balance of three thousand one hundred fifty-five and 19/100 ($3,155.19) Dollars as directed by aforesaid decree taking the same pursuant and subject to the provision of said fourth paragraph of the said will of Anna C. Erickson, deceased."

Lars Erickson died on the first of February, 1914, leaving a last will in which he gave all of his property after the payment of his debts and funeral expenses to his sister and sister-in-law to be divided between them share and share alike. His will was duly admitted to probate and letters testamentary were duly issued to the defendant as executor. The court further found:

" 8. That at the time of the death of said Lars Erickson all the estate which he derived under the aforesaid will of said Anna C. Erickson which then remained by him undisposed of was as follows:

" Parcel of real estate known as Number 522 Classon Avenue, Borough of Brooklyn, City of New York,

" The sum of one thousand five hundred ($1,500) Dollars borrowed on such real estate by said Lars Erickson.

" 9. That on or about the third day of February, 1914, Amanda Tillman, the plaintiff herein, was duly appointed by a decree of the Surrogate of the County of Kings administratrix with the will annexed of all and singular the goods, chattels and credits which were of said Anna C. Erickson, deceased, left unadministered.

" 10. That on the second day of April, 1915, the plaintiff individually and as administratrix aforesaid caused a claim for said Three thousand one hundred and fifty-five and 19/100 ($3,155.19) Dollars to be duly presented to said executor but he has refused to allow the same and on the contrary on or about May 17, 1915, caused notice to be served on the plaintiff herein that he doubts the justice and validity of the claim and disputes and rejects the same."

The said Lars Erickson did not sell the real estate owned by his wife, Anna C. Erickson, at the time of her death, but on the 18th of November, 1911, he borrowed thereon $1,500, giving as security therefor his bond and a mortgage covering the premises so owned by said Anna C. Erickson at the time of her death, which mortgage has not been paid. The court further found:

" 11. That on the second day of April, 1915, the plaintiff individually and as such administratrix as aforesaid caused a claim for said one thousand five hundred ($1,500) dollars to be duly presented to said executor but he has refused to allow the same and on the contrary on or about May 17, 1915, caused notice to be served on the plaintiff herein that he doubts the justice and validity of the claim and disputes and rejects the same.

" 14. The said sum of one thousand five hundred ($1,500) Dollars was deposited by the said Lars Erickson in the Brevoort Savings Bank on the twentieth day of November, 1911, to his own credit."

The trial court found as a conclusion of law:

" 2. The plaintiff is entitled to judgment that the defendant retain the said sum of one thousand five hundred ($1,500) dollars and the interest received or to be received therefrom since the death of the said Lars Erickson until the plaintiff or her executors, administrators or assigns, deliver or tender to the said defendant a certificate of satisfaction of the said mortgage together with the said bond and that thereupon the defendant shall pay over said sum and interest to this plaintiff or her executors, administrators or assigns."

The complaint as to the first cause of action which related to said $3,155.19 was dismissed upon the merits because it had not been shown that any part thereof remained undisposed of by the said Lars Erickson. Judgment was entered accordingly dismissing the first cause of action and for $1,500, with interest on the second cause of action " Except that at his (defendant's) election the said defendant may satisfy said bond and mortgage out of said moneys and deliver a certificate of satisfaction to the plaintiff herein or to her executors, administrators or assigns."

The plaintiff appealed to the Appellate Division from so much of the judgment as dismissed the first cause of action of the complaint and the defendant from so much of the judgment as directed the return of the $1,500 as stated. The Appellate Division affirmed the judgment so far as it was appealed from by the plaintiff and reversed the judgment so far as it was appealed from by the defendant, and directed judgment generally dismissing the complaint. (*Tillman* v. *Ogren*, 182 App. Div. 672.) It is from the judgment entered upon such order that the plaintiff appeals to this court.

*William Mitchell* and *William Mitchell Van Winkle* for appellant. The fourth clause of the will of Anna C. Erickson did not give the right or power to Erickson to dispose of, by his will, any part of the residuary

estate of his wife to any one but the plaintiff. (*Goebel v. Wolf*, 113 N. Y. 405.) Wills are always to be interpreted in accordance with the real intent of the testator rather than in accordance with any technical rules of law as to what certain words mean. Plaintiff's right to judgment, as prayed for, is clearly established. (*Matter of Ithaca Trust Company*, 220 N. Y. 437; *Colt* v. *Heard*, 10 Hun, 189; *Kent* v. *Fisk*, 151 App. Div. 279; *Seaward* v. *Davis*, 198 N. Y. 415; *Matter of Cager*, 111 N. Y. 343.) The "understanding" in the fourth clause of the will of Anna C. Erickson was binding on Lars Erickson as soon as he accepted her testamentary gift of her residuary estate under and with such understanding. The "understanding" was valid, was based on a good and sufficient consideration, and was and is enforceable in this action in equity. (*Ricker* v. *Leo*, 115 N. Y. 93; *Colton* v. *Colton*, 127 U. S. 300; *Matter of Will of O'Hara*, 95 N. Y. 403; Perry on Trusts, § 112.) The word "understanding" is equivalent to "agreement" and should be construed the same as the word "agreement" whether used in a deed or will. (*White* v. *White*, 60 N. J. Eq. 104; *Barkhausen* v.·*C., M. & St. P. R. R. Co.*, 142 Wis. 292.)

*Louis W. Severy* for respondent. Lars Erickson took the residuary estate of his wife with an absolute power of disposition, including the power to dispose of it by will, and any part thereof which had not been previously disposed of by him passed upon his death under the residuary clause of his will to persons other than the plaintiff. (*Camp* v. *Waring*, 25 Conn. 520; *Lucas* v. ·*Oliver*, 34 Ala. 631; *Clay* v. *Wood*, 153 N. Y. 134; *Banzer* v. *Banzer*, 156 N. Y. 429; *Goodwin* v. *Coddington*, 154 N. Y. 283; *Clarke* v. *Leupp*, 88 N. Y. 228; *Trunkey* v. *Van Sant*, 176 N. Y. 535; *Trask* v. *Sturges*, 170 N. Y. 482; *Washbon* v. *Cope*, 144 N. Y. 287; *Byrnes* v. *Stilwell*, 103 N. Y. 453; *Roseboom* v. *Roseboom*, 81 N. Y. 356; *Freeman* v. *Coit*, 96 N. Y. 63; *Thornhill* v. *Hall*, 2 Cl. & Fin. 22; *Matter of Geissler*, 72 App. Div. 85; *Matter of Arrowsmith*,

162 App. Div. 623; *Sands* v. *Waldo,* 100 Misc. Rep. 288.) The judgment of the Special Term dismissing the first cause of action upon the merits having been unanimously affirmed by the Appellate Division, this court will not inquire into the sufficiency of the evidence. (*Ostrom* v. *Greene,* 161 N. Y. 353; *Race* v. *Krum,* 222 N. Y. 410; *Marden* v. *Dorthy,* 160 N. Y. 39; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310; *Middleton* v. *Whitridge,* 213 N. Y. 499; *Commercial Bank* v. *Sherwood,* 162 N. Y. 310; *Fox* v. *Proctor,* 217 N. Y. 711.)

CHASE, J. This action is brought to recover the amount of the two claims presented by the plaintiff to the defendant and which were rejected by him. The complaint is divided into two causes of action, one for the recovery of said $3,155.19 and interest, and the other for the recovery of said $1,500 and interest. Even if we admit that the plaintiff is right in her contentions in regard to the meaning and effect of the will of Anna C. Erickson, she cannot recover either of said amounts except upon a finding that such amounts or some part thereof, or of one of them, were derived by Lars Erickson under her will and remained undisposed of by him at his decease. (*Seaward* v. *Davis,* 198 N. Y. 415.)

The Special Term found in substance that none of the $3,155.19 remained undisposed of by Lars Erickson immediately before his decease and the complaint as to the first cause of action was thereupon dismissed. The Appellate Division unanimously affirmed the judgment dismissing such first cause of action. A unanimous affirmance by the Appellate Division imports that there is evidence supporting or tending to sustain the findings of fact made by the trial court upon which such judgment was entered by it. (*Tidd* v. *Skinner,* 225 N. Y. 422; *Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310; *Fox* v. *Proctor,* 217 N. Y. 711.)

This court cannot review the question of fact upon the determination of which the judgment dismissing the first

cause of action is based. The judgment dismissing the complaint so far as it relates to the claim for $1,500 and interest is before us on the merits.

The action is not in terms for the construction of the will of Anna C. Erickson although a determination of the plaintiff's claims so far as we are permitted to consider them requires us to determine the intention of the testatrix as expressed in the will. The plaintiff's contentions are wholly based upon the provisions of the will, and the fact that Lars Erickson accepted the devise and bequest to him under such will. No prior or other contract between Anna C. Erickson and her husband is pleaded or claimed and no evidence was presented at the trial in any way relating thereto.

In considering the will it is unnecessary to discuss the power and authority of the testatrix if she had so desired to give to her husband a life estate in her residuary property with authority to use the principal thereof in his lifetime, and to her sister all or any part of such residuary property remaining unused at his death.

. A gift to one followed by a gift to another of such part thereof as may remain at the decease of the first taker, can be enforced when the intention of the giver is clear and definite to limit the gift to the first taker to a life estate with power to dispose of the principal or any part thereof during his lifetime and to give to another such part of the principal as is not disposed of in the lifetime of the first taker. (*Seaward* v. *Davis, supra.*)

The gift over after a gift that is apparently absolute is sustained because it is ascertained that it was not the giver's intention to make an absolute gift, but one qualified and limited by the subsequent or other provisions of the will or instrument creating the gifts. (*Leggett* v. *Firth,* 132 N. Y. 7.) The common-law rule governing repugnant gifts has been changed by statute. (Real Property Law [Cons. Laws, ch. 50], sec. 57; Personal Property Law [Cons. Laws, ch. 41], sec. 11.)

The first part of the fourth paragraph of the will under consideration which we have quoted provides: " I give and bequeath to my beloved husband Lars Erickson, all of the rest and remainder of my estate both real and personal to have and to hold the same to him his heirs and assigns forever." It constitutes a clear, certain, unqualified and absolute gift to her husband. If she had not added a further provision in the will no question could possibly have arisen as to her meaning and intention, or as to his absolute title to such rest and residue of her estate.

It cannot be disputed that at the time she made her will it was her wish and desire that her husband should give what remained of such rest and residue of her property undisposed of at the time of his death to her sister. Did she intend to do more than express such wish and desire? If she had intended to qualify and limit the gift to her husband to a life estate with the right to use so much of the principal thereof as he should choose during his life, she should have provided in the will for such limitation in as plain and clear terms as she had used in giving him such rest and residue. Such intention could have been clearly and definitely stated by giving the rest and residue of her property to her sister subject to such prior gift to her husband. She did not leave such rest and residue in trust nor did she by clear, certain or other terms, qualify the absolute gift to him. The statement by her in the latter part of said fourth paragraph of her will emphasizes and makes certain that the gift to her husband is absolute because she says that Lars Erickson " *shall give and turn over to my sister Amanda Tillman* " what shall remain by him undisposed of. The testatrix trusted her husband to respect her wish and desire in the disposition of any part of the rest and residue of her property not used by him in his lifetime. The principal contention against the construction of the will as claimed by the defendant rests in the use by the testatrix of the word " understanding " which it is said

imports a contract already made or arising from an acceptance by her husband of the bequest and devise.

The word " understanding " is one of common use but of varying meaning. (*Barkhausen* v. *Chicago, M. & St. P. R. Co.*, 142 Wis. 292.) In *Camp* v. *Waring* (25 Conn. 520) the court say: " The context here shows that the word ' understanding,' always a loose and ambiguous one, unless accompanied with some expression to show that it constituted a meeting of the minds of the parties upon something respecting which they intended to be bound, was used, not to express anything which was the subject of an agreement or contract between the parties, but only that kind of expectation or confidence upon which parties are frequently willing to rely without requiring any binding stipulation."

It is at least not clear that the testatrix by the use of the word " understanding " intended that her husband could not accept the gift to him without thereby becoming obligated as by contract to give any part of the rest and residue of her property remaining undisposed of by him at his decease to her sister. It is assumed by the parties that no contract was ever made upon which the will is based, and that the obligation of Lars Erickson to the testatrix's sister, arises if at all, by the acceptance of the bequest and devise.

While an expectant estate may exist subject to a prior estate with an absolute power of disposition, and although such expectant estate may be defeated in any manner or by any act or means which the party creating such estate in the creation thereof has provided for or authorized (Real Property Law, sec. 57; Personal Property Law, sec. 11), *an absolute estate* is repugnant as a matter of fact to a gift over to a third person. It is because of such repugnance in fact that an apparently absolute estate cannot be cut down or qualified unless the intention is clear and definite.

In *Matter of Ithaca Trust Company* (220 N. Y. 437, 441)

this court say: " A remainder cannot be limited upon an *absolute* estate in fee. Where a gift is provided by will *and such gift is intended to be absolute,* a gift over is repugnant to such absolute gift and void and the purported gift over must be treated as a mere expression of a wish or desire regarding the distribution of such part of the gift as may remain undisposed of at the death of the donee."

Where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show equally clear intention to do so by use of words definite in their meaning and by expressions which must be regarded as imperative. (*Clay* v. *Wood,* 153 N. Y. 134; *Matter of Gardner,* 140 N. Y. 122; *Roseboom* v. *Roseboom,* 81 N. Y. 356; *Post* v. *Moore,* 181 N. Y. 15.)

The gift to Lars Erickson in this case was absolute. There is no gift therein to Amanda Tillman. Neither is there such clear and certain statement of intention shown by the will as to make Lars Erickson through the acceptance of the devise and bequest to him obligated as by contract to give any undisposed of part of the rest and residue of Anna C. Erickson's property to Amanda Tillman, nor to make such contractual obligation a specific charge upon the gift to Lars Erickson.

An agreement entered into between a testatrix and a legatee that is clear and definite in its terms and which constitutes the basis in whole or in part for a legacy will be enforced by the courts. So in *Seaver* v. *Ransom* (224 N. Y. 233), which was an action to recover on a contract made by a husband with his wife, it appeared that both were advanced in years and Mrs. Beaman was about to die. Her husband, who was or had been a judge, drew her will according to her instructions. He was named therein as residuary legatee and executor. The plaintiff in the action was a niece, in ill-health, sometimes a member of the Beaman household. The story of the contract is briefly and succinctly told in the opinion as follows:

" When the will was read to Mrs. Beaman she said that it was not as she wanted it; she wanted to leave the house to plaintiff. She had no other objection to the will, but her strength was waning and although the judge offered to write another will for her, she said she was afraid she would not hold out long enough to enable her to sign it. So the judge said if she would sign the will he would leave plaintiff enough in his will, to make up the difference. He avouched the promise by his uplifted hand with all solemnity and his wife then executed the will. When he came to die it was found that his will made no provision for the plaintiff." (p. 235.) This court held: " The equities are with the plaintiff and they may be enforced in this action, whether it be regarded as an action for damages or an action for specific performance to convert the defendants into trustees for plaintiff's benefit under the agreement." (p. 241.)

So, also, where there is a clear and definite gift by will which by the terms of the will or by operation of law is clearly and definitely charged upon the real property owned by the testator at his death, a person accepting a gift of such real property thereby obligates himself to pay the charge. (*Brown* v. *Knapp*, 79 N. Y. 136; *Dinan* v. *Coneys*, 143 N. Y. 544.)

The plaintiff in this case has not shown that a contract was made between Anna C. Erickson and her husband on which the will was based or which contemplated a charge upon the gift to him. She has not shown a gift to her by the will of Anna C. Erickson. Upon the facts before us she cannot sustain her complaint.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., dissents from judgment of Appellate Division in so far as it dismisses the second cause of action.

Judgment affirmed.