In the Matter of the Estate of CHARLES KOLLSTEDE, Deceased.

Surrogate's Court, New York County, March (Received April. 1923).

Wills — construction — when bequest to issue of children means issue of children dying before testator — when precatory clause does not create charge on fund.

The will of testator, who left him surviving three sons and a sister, directed the equal division of his residuary estate among his sons and their respective issue. Only one of the sons has issue, a daughter, who is a minor, and no issue of any deceased sons survived the testator. The same paragraph of the will provided that the shares intended for the issue of any son or sons "who shall have predeceased me shall vest immediately in such issue *per stirpes*" and in a subdivision of the same paragraph testator created a life estate in $300,000 for the benefit of his widow with direction that after her death the trust fund be divided into as many parts as he should leave sons or the issue of deceased sons him surviving and then testator proceeded to define the term "issue" as "a unit entitled to represent the aggregate issue of any deceased son of mine." *Held*, that testator's granddaughter was not entitled to share in the residue with his three sons.

It appeared that testator shortly before his death had advanced $3,000 to his said sister for her support and maintenance and that after his death his sons contributed to her support until she died. *Held*, that a charge in the will to the fund to take care of their father's said sister during their lives should be construed merely as an expression of a request or desire of the testator and created no trust or charge upon the residuary estate, the gift of which to the sons was absolute and unqualified.

PROCEEDING to settle accounts of an executor.

*Stewart & Shearer*, for petitioner.

*Sillcocks, Gedney & Holmes*, for Charles Kollstede.

*Richard Campbell*, special guardian.

O'BRIEN, S. This is an accounting in which two questions of construction of the will of the testator are presented by the executor for decision.

The testator by the 3d paragraph of his will directed that his residuary estate " be divided equally among my sons and their respective issue." The testator was survived by his widow, Annie Kollstede, and three sons, Charles A., Alfred G. and George

Kollstede, all now living. He left no issue of any deceased sons. Of his three surviving sons aforementioned only one has issue. George has one minor daughter, Anita Kollstede, and the question is asked: Is Anita Kollstede, the sole issue of George Kollstede, a surviving son of the testator, entitled to share in the residuary estate?

The portion of the will above quoted, standing by itself, might indicate that she would be. But from the whole context of the will the intention of the testator is clear not to make any gift to the issue of a son, except by representation in the event that the son having such issue should fail to survive the testator. By subdivision 2 of the above paragraph the testator provides by way of explanation " that as to the shares hereby intended for the issue of any son or sons *who shall have predeceased me*, the same shall vest immediately in such issue *per stirpes*." And by subdivision " A " of the same paragraph, in which he created a life estate for the benefit of his widow in the sum of $300,000, he directs " that after her death they divide the said trust fund into as many parts as I shall leave sons or the *issue of deceased* sons me surviving * * *," and then he proceeds to define the term " issue " as " a unit entitled to represent the aggregate issue of any *deceased* son of mine."

It is the opinion of the court that the testator intended his residuary estate to be divided among his surviving sons and the issue of any deceased son *per stirpes*, and that, therefore, Anita Kollstede, the daughter of George, is not entitled to share the residue with the three surviving sons.

The second question of construction presented arises out of the following paragraph of the will:

" I charge my said sons, out of the estate respectively coming to them under the terms of the foregoing will, to make provision for such of my sisters, as shall survive me, during their lives, in the same manner as I have provided for them during my life."

The question is asked: Does the will give to a surviving sister of the testator any interest in his estate? He left one sister, who has since died. The evidence shows that the testator had advanced the sum of $3,000 a short time before his death to Herminie Meyer, his only surviving sister, for her support and maintenance, and that after his death the three sons contributed to the support of this sister until her death on June 30, 1921. The gift of the residue to the sons is absolute and unqualified. The charge to the said sons to take care of this sister is directed to the legatees, not the executor, and is precatory. Under all the facts and circumstances presented it should be construed merely as an expression

of a request or desire and does not create a trust or charge upon the estate.   *Tillman* v. *Ogren*, 227 N. Y. 495.

Compensation of special guardian fixed.   Complete decree construing the will and settling the account accordingly.

Decreed accordingly.