In the Matter of the Estate of PATRICK McFADDEN, Deceased

Surrogate's Court, New York County, December 3, 1929.

*Gustav Goodmann,* for the petitioner.

*Frank, Weil & Strause* [*Samuel F. Frank* of counsel], for the objectants.

FOLEY, S. In this accounting proceeding a preliminary question arises as to the construction of testator's will. The will, so far as material, reads as follows: " *First,* I wish to bequeath all my goods, real and personal, of any kind whatsoever to my wife Abbie McFadden; and after her death, any property or money or estate of any kind to be left to six children, divided equally between them. The six children are children of my first wife now deceased."

Abbie McFadden survived the testator and has since died. On behalf of her estate it is contended that the quoted language gives all of decedent's property to her absolutely, and, therefore, the six children by the former marriage cannot be heard to object to the account. I hold that the language of the will in question, properly construed, gives to the widow a legal life estate only, with power of disposition during her lifetime, but with remainder over upon her death to the six children mentioned in the will. (*Leggett* v. *Firth,* 132 N. Y. 7; *Seaward* v. *Davis,* 198 id. 415; *Matter of Ithaca Trust Co.,* 220 id. 437.) In those cases the language of the wills was similar to that of the present will. There was a primary gift which, standing alone, would create an absolute

estate in the primary donee. Just as here, however, in each of the cases cited the provision was followed by a second clause which was clearly connected with and related to the first, and the courts held that, upon the death of the first taker, if any property remained, it was given by the will of the original testator to the secondary legatees.

*Tillman* v. *Ogren* (227 N. Y. 495) and the other cases relied on by the attorney for the widow's estate have no application herein because in all of them the courts found indications in the wills that there was a repugnance between the primary absolute gift and the attempted secondary gift which made the latter void. The *Tillman* case did, however, correctly state the rules of law applicable to the construction of the will now under consideration (227 N. Y. 502): " A gift to one followed by a gift to another of such part thereof as may remain at the decease of the first taker, can be enforced when the intention of the giver is clear and definite to limit the gift to the first taker to a life estate with power to dispose of the principal or any part thereof during his lifetime and to give to another such part of the principal as is not disposed of in the lifetime of the first taker. (*Seaward* v. *Davis, supra.*)

" The gift over after a gift that is apparently absolute is sustained, because it is ascertained that it was not the giver's intention to make an absolute gift, but one qualified and limited by the subsequent or other provisions of the will or instrument creating the gifts. (*Leggett* v. *Firth,* 132 N. Y. 7.) "

The property shown by the account to have been left at the death of Abbie McFadden should now be distributed in equal shares to Thomas J. McFadden, Dennis P. McFadden, John H. McFadden, Isabella Graves, Mary Ellen Collins and Agnes Riordan. The objections filed to the account by these six children of testator will, therefore, be heard by me on the 16th day of December, 1929, at eleven A. M. Serve notice of hearing and file same with proof of service with the clerk of this court on or before December 12, 1929.