In the Matter of the Estate of EDGAR H. ROSS, Deceased.

Surrogate's Court, Richmond County, May 4, 1934.

*Charles B. Dullea,* for the widow, petitioner for probate of will.

*John D. Armstrong,* for the remaindermen, petitioners for construction of will.

SMITH, S. Margaret Masson Donald Ross, the widow of the testator and the executrix named in his will, applied for the probate thereof and the remaindermen named therein thereupon applied in the probate proceeding for construction of the same. The will was thereupon admitted to probate and the proceeding continued to permit the construction requested by the remaindermen.

The will bears date August 1, 1923, and is presumed to have been prepared and typed by the testator, who, for many years prior to the execution of the will, had been a stenographer in a Magistrate's Court in the borough of Richmond, and said will after providing for the payment of debts and funeral expenses, devised testator's real estate and bequeathed all of his personal property to his wife as follows:

" *Third.* After my legal debts and funeral expenses shall have been paid, I give, devise and bequeath unto my wife, Margaret Masson Donald Ross, all the residue of my estate, both real and personal, of every kind, nature and description, of which I may die possessed or which may hereafter accrue to me or in which I may have an interest or share." And further provided.

" *Fourth.* Where any insurance policies, shares of stock in building loan and savings associations, moneys in bank, or any other asset, securities or credits of any kind or nature, are assigned to any person or persons as beneficiaries, I direct that all such shares of stock, moneys, assets, securities and credits, shall be the property of my said wife and given to her for her use and benefit."

Having disposed of his estate by gift to his wife, the testator then proceeded to limit the gift as follows, viz.

" *Fifth.* Should there be an issue as the result of my wife's marriage to me, I direct that all my estate or what remains of it at the time of my wife's death, shall be divided equally between the children of our marriage.

" *Sixth.* Should there be no children of our marriage, then I direct that any residue of my estate after the death of my wife, shall be divided equally between my three sisters, Anna Ogilvie Ross, Mabel Sheldon Ross, and Bessie Murray Ross, they to share and share alike in whatever residue there may be of my estate after the said estate has been used for the support and maintenance of my said wife during her lifetime.

" *Seventh.* I hereby nominate and appoint my wife, Margaret Masson Donald Ross to be the executrix of this, my Last Will and Testament and to serve as such without bond."

There was no issue of the marriage, and the three sisters of the testator who are named as remaindermen in the " sixth " clause of said will request the determination by this court as to the extent of the gift to the widow and request that the widow be required to give a bond to protect their interest in the estate.

The gift to the widow by the " third " clause of said will was absolute, and since a remainder cannot be limited upon an absolute estate where such gift *is intended to be absolute*, such gift over is void. (*Matter of Ithaca Trust Co.*, 220 N. Y. 437.) Yet a gift

over after a gift that is apparently absolute is sustained when it is ascertained that it was not the giver's intention to make an absolute gift, but one qualified and limited by subsequent or other provisions of the will creating the gifts. (*Leggett* v. *Firth*, 132 N. Y. 7.) But " where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show equally clear intention to do so by use of words definite in their meaning and by expressions which must be regarded as imperative." (*Tillman* v. *Ogren*, 227 N. Y. 495, at p. 505.)

In the present instance it is quite apparent that the gift to the widow by the " third " clause of said will, while absolute, was not so intended to be as the gift was clearly qualified and limited by the " fifth " clause of said will which directs that the estate or what remains of it was to be divided among any children of the marriage, and also by the " sixth " clause of said will which directs that, in the absence of children, any residue of the estate was to be divided between testator's sisters, and the words of limitation are definite in their meaning and the expressions used must be regarded as imperative. (*Tillman* v. *Ogren*, *supra*.)

As it appears that the testator intended to limit the interest of the widow in his estate, it is necessary to ascertain to what extent it was to be cut down. In the " fifth " clause he directs " that all my estate or *what remains of it* at the time of my wife's death shall be divided, and in the " sixth " clause he directs " that *any residue of my estate* after the death of my wife, shall be divided," and that the distributees are to " share and share alike in *whatever residue there may be of my estate after the said estate has been used for the support and maintenance of my said wife during her lifetime.*" (Italics mine.)

The absolute gift of all testator's estate to his wife by the " third " clause of said will as afterwards limited by the statement in the " sixth " clause that any residue was to be divided between his sisters, but that such residue was to be of such part of said estate as had not been used for the support and maintenance of his wife during her lifetime indicates and I find that the testator intended that his widow should have and hold his estate with power to dispose of the principal or any part thereof during her lifetime for her support and maintenance and that the distributees named in the " sixth " clause of said will should only have such part of said estate not so used by the widow.

This interpretation is in accordance with the holding in the following cases: *Matter of Skinner* (81 App. Div. 449; affd., 180 N. Y. 515); *Leggett* v. *Firth* (132 id. 7); *Seaward* v. *Davis* (198 id.

415); *Rezzemini* v. *Brooks* (236 id. 184); *Vincent* v. *Rix* (248 id. 76); *Hallinan* v. *Skillen* (253 id. 550).

The decision in *Vincent* v. *Rix* (*supra*) is particularly applicable, as the gifts to the wife in both instances are much alike and it was therein stated that while the power of disposition ended with death and could not be exercised by will, yet the widow could dispose of the property for her needs and requirements and that her judgment in the matter would be conclusive, and that a very broad and liberal interpretation would be given to her power of disposal, yet that the power of disposal would be limited to disposition for her use, comfort, benefit or support, and that these words should have a very broad and liberal interpretation, so much so that the widow would probably be the sole judge of what was for her benefit and enjoyment, but that such user would call for the exercise of good faith upon the part of the widow and would not include a gift of the property in view of approaching death, and such decision was concurred in by Judges CARDOZO and LEHMAN on the ground that the life tenant's power of disposition did not extend to a gift in contemplation of death if made for the purpose of evading and defeating the ulterior limitations that were to take effect in those contingencies.

As to the request that the widow be required to give a bond to protect the remaindermen, the will provides that the executrix shall serve without bond, but that direction would not apply after the widow completed her duties as executrix and turned over the assets of the estate to herself as widow, for she would then become trustee for the remaindermen (*Leggett* v. *Stevens*, 185 N. Y. 70, at p. 76) and would be required by section 169 of the Surrogate's Court Act (Laws of 1914, chap. 443) to furnish a bond in an amount to be fixed by the surrogate, unless contrary to the expressed terms of the will, or to be clearly inferred from its provisions. The value of the real and personal estate of the testator is stated in the petition for probate to be the sum of $5,500 and the widow is aged fifty-six years. And from the value of the estate and the approximate number of years that the widow will be presumed to live, and from the fact that the testator gave his entire estate to his widow, limiting the gift over only of such part of his estate that the widow did not consume, it is to be clearly inferred that the testator did not intend that his widow should be required to give a bond for any remainder of his estate that should exist at the time of her death.

Prepare decree upon notice construing will accordingly.