W. Vincent Grady, J.
Application has been made to this court for a determination of the validity, construction and effect of the disposition of property under the last will and testament of Hannah Ford, deceased, and determining whether clause “ First ” of said last will and testament vested in Nellie Ford Cole a fee simple absolute in certain real estate owned by decedent at the time of her death and determining whether clause “ Fourth ” of said last will and testament limited this vested estate in any way and if so to what extent, and after hearing the arguments of respective counsel and after reading the memoranda submitted by the respective parties and after a *395 perusal of the will, and after due deliberation, the court decides and finds as follows:
It appears that Hannah Ford, a resident of the Town of Poughkeepsie, Dutchess County, New York, departed this life on or about the 18th day of July, 1894, leaving a last will and testament, which was duly admitted to probate in this court, on or about the 11th day of February, 1895.
It further appears that at the time of her death Hannah Ford’s only heirs at law and next of kin were her husband Patrick Ford, and three daughters, Nellie Ford (Nellie Ford Cole), Mary A. E. McGarry and Emma Kate Baker. Patrick Ford remarried after Hannah Ford’s death and later died on November 28,1919. Mary A. E. McGarry also died leaving her surviving five children, namely: Aloysius F. McGarry, Nora McGarry Nerz, Helen McGarry Mann, Mary McGarry Gagnon and Francis McGarry. Francis McGarry died on or about the 2nd day of December, 1951, survived by a wife, Sarah McGarry, and two children, namely: Andrew F. McGarry and Clement A. McGarry. Emma Kate Baker died on or about the 27th day of September, 1947, survived by two children, namely: Hazel Baker Dupee and Stanley Ford Baker.
Nellie Ford Cole died on or about the 17th day of September, 1957 leaving a last will and testament which was admitted to probate in Surrogate’s Court of Westchester County on August 21, 1958, and letters of administration with the will annexed were duly issued to Agnese Cole Herrstrom, who is the only child of Nellie Ford Cole.
Under the terms of the last will and testament of Hannah Ford, paragraph numbered “ First ” provided as follows: “ After all my lawful debts are paid and discharged, I give, devise and bequeath to my daughter Nellie Ford all of the real estate on the west side of the road leading from the old Dutchess Turnpike to Van Wagoners Station and all the personal property thereon belonging to me at the time of my death the title of the real estate to vest in her at the death of my husband Patrick Ford or if he should again marry, or should he in the judgment of my executrix, hereinafter named become unfit to take care of the place, then to become hers absolutely.”
Paragraph numbered “ Fourth ” of said will provided: “ The above bequests of my real estate are made with the distinct understanding that my said daughters are not empowered to sell any part or parcel of it during their lives, but in case Nellie Ford should die first then her part as previously described is to be the property of Mary A. E. McGarry, and in case of both the aforenamed daughters dying then their shares shall go to my *396 daughter, Emma Kate Baker, and at her death or the death of all of my said daughters, then I direct that said real estate be equally.divided among my grandchildren.” (Italics' added.)
It appears that by his remarriage, Patrick Ford perfected the fee granted to Nellie Ford by the first paragraph of Hannah’s will, and his subsequent death in 1919 removed any question of the vesting of the fee absolute title in Nellie Ford (Cole).
The question to be determined is what effect, if any, does paragraph numbered “ Fourth ” have on this absolute devise
In Tillman v. Ogren (227 N. Y. 495, 496 [1920]) the will provided by paragraph numbered “Fourth” as follows: “I give and bequeath to my beloved husband Lars Erickson all the rest and remainder of my estate both real and personal to have and to hold the same to him, his heirs and assigns forever, with the understanding that at the decease of said Lars Erickson all of the estate which he shall derive under this will which shall then remain by him undisposed of he shall give and turn over to my sister Amanda Tillman.” (Italics added.)
The .Court of Appeals in the Tillman v. Ogren case, held (p. 503): “ It constitutes a clear, certain, unqualified and absolute gift to her husband ’ ’, and it further said that the statement that such gift was given ‘ with the understanding ’ ’ that the husband should give any part of the residuary estate not disposed of by him to testatrix’ sister does not import a contract already made or arising from an acceptance by her husband of the bequest and devise. The gift to the husband was absolute and there was no gift to the sister, and it further held at page 505 that, ‘ Where there is an absolute gift of real or personal property, in order to qualify it or cut it down the latter part of the will should show equally clear intention to do so by use of words definite in their meaning and by expressions which must be regarded as imperative.”
There are many other decisions which hold that such inconsistent limitations are void in a will when they appear to limit an absolute estate previously granted (see Banzer v. Banzer, 156 N. Y. 429 [1898] ; Matter of De Biase, 148 N. Y. S. 2d 69 [1955] ; Matter of Capozzi, 145 N. Y. S. 2d 713 [1955]).
In the instant case, after the absolute devise to .Nellie Ford (Cole)' as provided for in paragraph “First”, testatrix used the same language in paragraph numbered ‘ Fourth ’ ’ as used in the Tillman v. Ogren case (supra) namely, “ with the distinct understanding ” followed by restrictions and provisions relating to the same property. This language does not indicate to the court an imperative or decisive intent on the part of testatrix to qualify or cut down the devise already made.
*397 In accord with the conclusion in the Tillman case, it is the opinion of this court that Nellie Ford (Cole) received the property in fee simple absolute under paragraph “First” of Hannah Ford’s will, and such devise was not limited by the provisions of paragraph “ Fourth ”.