■ In the Matter of the Estate of HANNAH FORD, Deceased. ALOYSIUS L. McGARRY et al., Appellants; AGNESE C. HERRSTROM, Respondent.— In a proceeding by the daughter of Nellie Ford (Cole), a deceased daughter of the testatrix, for a judicial construction of testatrix' will, four children of Mary A. E. McGarry, another deceased daughter of the testatrix, and the three heirs of a fifth child of said Mary A. E. McGarry, appeal from a decree of the Surrogate's Court, Dutchess County, dated March 20, 1961, which construed the fourth paragraph of the will as not limiting the fee of the real property devised to said daughter Nellie Ford (Cole) pursuant to the first paragraph of the will. Decree affirmed, with costs to all parties filing separate briefs, payable out of the estate. The absolute gift of real property in the first paragraph of the will was not cut down by the fourth paragraph, since the words and phrases in the fourth paragraph are not as clear, definite, decisive and imperative as the words in the first paragraph devising an absolute fee (*Tillman v. Ogren*, 227 N. Y. 495, 505; *Banzer v. Banzer*, 156 N. Y. 429, 435). In any event, the language in the fourth paragraph is so confused and uncertain as to render it impracticable to say with any degree of certainty what the testatrix thereby intended insofar as such paragraph could be validly enforced under the rules of construction (see 7 Warren's Heaton Surrogates' Courts [6th ed.], § 16, par. 6, subd. [c]). If the testatrix intended to cut down the devise which she made in the first paragraph, the language of the fourth paragraph is inoperative and ineffectual because the court cannot find in such language any valid disposition that was intended by her (1 Davids, New York Law of Wills, p. 735; *Mann v. Mann*, 1 Johns. Ch. 231, 235, affd. 14 Johns. 1). Moreover, appellants concede that, in view of the language in the fourth paragraph, the alternative devises therein specified are at least partially void, even under their construction, since they are in violation of the rule against perpetuities which was in effect in

684

1894, when testatrix died. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur. [28 Misc 2d 394.]