John D. Bennett, S.
In this proceeding for the reprobate of decedent’s will, petitioners request the court to construe decedent’s will.
Decedent, a retired schoolteacher, died leaving no distributees. In 1928 she executed her last will and testament and in 1963 with her husband executed a joint holographic codicil. Initially, the codicil is very clear. It states: ‘ ‘ Our possessions are to be disposed of in the following manner: To Kathy Lewis, 5028 Ferrington Drive, San Antonio, Texas the house and property at 337 Mineóla Boulevard, Mineóla, New York. The house and property at 107 and 109 Jefferson Avenue, Mineóla, New York ”.
The dispositions are set out in separate paragraphs but not numbered. After making the specific devises and bequests to Kathy Lewis, the codicil continues -.“If the following conditions are met: The house 337 Mineóla Boulevard must be lived in by Kathy and her family and cannot be sold until Kathy’s 18th birthday. There are no mortgages, and rents from 107-109 Jefferson will pay the taxes.”
Kathy Lewis and her parents reside in Texas. She will attain the age of 18 years on December 4,1973. The residuary legatee under the codicil contends that since Kathy and her parents have not lived and are not now living at the 337 Mineóla Boulevard property since the death of the decedent on December 18, 1970, Kathy is divested of her interest in such property.
It has been said that if the will is holographic and drawn by a layman unskilled in legal phraseology, a technical construction of a limitation is subordinate to the intention of the testator as collected from the will itself (Matter of Mahlstedt, 140 Misc. 245). A will is to be construed in its entirety, giving effect to its over-all intent. This intent must be ascertained not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances *967 under which the provisions of the will were constructed (Matter of Fabbri, 2 N Y 2d 236).
Examining this will it seems clear that the testamentary intent was to give the entire estate in specific gifts to Kathy Lewis and the residuary to Benjamn Gragliano, decedent’s brother-in-law. The testatrix was, for the most part, very specific as to whom her estate was to be given and how her property was to be administered after her death. She even went to the extent of designating the bank account from which current expenses were to be paid. Also, she set out the specific bank accounts from which inheritance taxes were to be paid. She seems to have been most preoccupied with the well-being of Kathy until her 18th birthday, there being provisions that her parents would act as administrators until her 18th birthday, that the bonds could not be cashed until her 18th birthday, that deposits in certain savings banks could not be cashed until her 18th birthday, and that the house on Mineóla Boulevard could not be rented and no furnishings removed before Kathy’s 18th birthday. One can readily see that the testatrix was most concerned with Kathy until she reached 18 and that she have a home until at least that age. It should be noted that when the codicil was executed Kathy was only seven years old and therefore it is safe to conclude that the testatrix was most interested that Kathy be provided a home during her formative years. Therefore, the question to be resolved is whether, after making an absolute gift of 337 Mineóla Boulevard to Kathy, this gift has been qualified or cut down by the testatrix’s subsequent language, to wit, ‘ ‘ If the following conditions are met: The house 337 Mineóla Boulevard must be lived in by Kathy and her family and cannot be sold until Kathy’s 18th birthday.” (Emphasis supplied.)
Where there is an absolute gift of real or personal property in order to qualify it or cut it down, the latter part of the will should show equally clear an intention to do so by use of words definite in their meaning and by expressions which must be regarded as imperative (Matter of Ford, 28 Misc 2d 394, affd. 16 A D 2d 683).
Here the testatrix by her subsequent language does not show an intention to cut down Kathy’s interest in 337 Mineóla Boulevard but merely to show her right to reside there until 18. Moreover, the will is unclear as to when Kathy and her family must live at the property. Is it to commence the day after the death of the decedent, or when! Would they be required to live *968 there for one day, one month, or before or after Kathy attains her 18th birthday? These questions remain unanswered.
Here we have a problem of a condition subsequent. Where literal performance of a condition subsequent is impossible by reason of circumstances over which the devisee has no control and through no fault on the part of the devisee, the devisee is entitled to take the gift, the condition being deemed to be satisfied by performance as nearly as possible (2 Davids, Wills, p. 1427). Therefore, where a will devised a house to the devisee but provided that unless she lived in the house the house should pass to an alternate devisee but expenditure for reconditioning was necessary to make the house livable and the devisee required clear title in order to obtain money for reconditioning through a mortgage, the condition was deemed substantially complied with and the devisee was entitled to take the house (Matter of Ricker, 151 N. Y. S. 2d 247). It would be virtually impossible for her to comply with the condition subsequent since she would be required to force her “ family ” (or parents) over whom she would have no control, to move into the Mineóla home with her as required by the will.
In addition, “the devisee or legatee is not to be held to have forfeited the gift, if he did not appreciate the consequences of a breach of the condition, because of youth ”. (2 Davids, Wills, § 884, p. 1428.)
Moreover, the court finds no breach of a condition subsequent because following the testatrix’s language, Kathy and her family could move into 337 Mineóla Boulevard at any time even after Kathy’s 18th birthday and still no breach would occur. The only caveat is that the property cannot be sold until Kathy’s 18th birthday.
Accordingly, the court finds that the devise to Kathy of the real property at 337 Mineóla Boulevard was an absolute gift and not encumbered by the subsequent ambiguous language used in the latter part of the will.
Finally, the residuary clause is not placed in the usual position in a will. Here it is located on the next-to-last page. While this clause is usually placed at the end of the disposing, provisions of a will, the fact that it is not the last is not of controlling consequence and can have no effect except as it depends upon the question of the testator’s intent (Morton v. Woodbury, 153 N. Y. 243).
The testatrix instead of using the words ‘ ‘ rest, residue and remainder ’ ’ used the words ‘‘ the balance is to be given to Benjamin Gagliano.” It is not necessary that the exact words *969 just mentioned be used since the intention of the testator is the governing factor and any language which indicates an intention to pass the residue is sufficient (Matter of Whiting, 33 Misc. 274). In fact, a gift of the balance of an estate has been interpreted to describe the general residue in the estate (Vernon v. Vernon, 53 N. Y. 351). Here the court finds that the residuary legatee is Benjamin Gagliano.